The John Shillito Co. *v.* Bassler et al.

(Decided December 1, 1930.)

*Messrs. Paxton & Seasongood,* for plaintiff in error.

*Messrs. Pogue, Hoffheimer & Pogue,* for defendants in error.

Hamilton, J. The John Shillito Company, plaintiff in error here, brought suit in the municipal court of Cincinnati on a claim for rent for certain real estate, claimed to be due under a written lease for the premises executed by the company's predecessor in title.

The defendants, Harry E. Bassler and Ethelle Bassler, defendants in error here, defend on the ground that the plaintiff through its agent agreed to release the defendants from the lease and all obligations thereof, provided the defendants entered into a lease for other property of which the plaintiff's agent was agent; and that, relying on that offer and an agreement, which was executed, defendants were released from the obligations of the lease in question, and thereupon vacated the property, and were

not obligated for the rent sued for, which accrued after the vacation of the property.

The plaintiff company, by reply, denied generally the allegation of the answer.

The case was tried in the municipal court before the court and a jury, and at the close of all the evidence the plaintiff moved for an instructed verdict, which the court gave, and the verdict for the amount of the rent claimed was awarded, and judgment entered.

The Basslers prosecuted error from the judgment to the court of common pleas, which court reversed the judgment of the municipal court, on the ground that the trial court erred in instructing the jury to return a verdict for the plaintiff. From the judgment of the court of common pleas reversing the judgment of the municipal court, error is prosecuted to this court.

The evidence adduced at the trial by the plaintiff consisted of the introduction of the lease and proof of unpaid rent due in the amount stated in the lease.

The evidence of the defense all bore on the question of the power of the realty agent to bind his principal by oral agreement to release the lessees from the obligations under the lease.

Considerable testimony was permitted to go in to prove this oral release. Some evidence bearing on this question was refused by the trial court, over the objection of the defendant. There was some evidence offered by the defendant bearing on oral ratification of the act of the agent by the plaintiff company. This also was an attempt to prove an oral ratification of a release.

The question then turns on whether or not an oral release by a rental agency will bind a principal; and, or, will the principal be bound by oral proof of ratification of the act of the agent.

If the lessee can be released by evidence of oral release alone, the trial court erred in instructing the verdict. If not, since there is no dispute as to the amount of rental due under the written lease, there would be no error in instructing the verdict. In other words, the proof of the plaintiff of ownership, due execution of the written lease, and of accrued rent, establishes a right to recover, unless the oral defense, as herein stated, may be made to the written lease.

The question, therefore, is one of law, to determine whether or not there is any valid defense in the case. We are of opinion that there is not. An oral contract of release is an oral contract concerning an interest in lands within the meaning of Section 8621, General Code.

In the case of *Cromwell* v. *Bissinger Candy Co.*, 13 Ohio App., 216, the syllabus is: "An oral agreement between a lessor and lessee, regarding premises of which the lessee has possession under a valid lease, to the effect that if the lessee should vacate the premises in the future before the expiration of the written lease the lessor would cancel the lease and release the lessee from the further payment of rent, there being no present agreement to surrender accompanied by a change of possession, is an oral contract concerning an interest in lands, within the meaning of Section 8621, General Code, and inoperative to destroy the lease or excuse the nonpayment of rent."

This case decides the proposition, and is applicable to the case under consideration, and, since there was no defense to the suit for the rent, other than the claimed oral contract of release and oral ratification of the claimed oral release, which was no defense, the trial court did not err in directing a verdict.

The judgment of the court of common pleas is reversed, and the judgment of the municipal court of Cincinnati is affirmed.

*Judgment of the common pleas court reversed and that of the municipal court affirmed.*

Ross, J., concurs.