DOUGLAS COMPANY, APPELLANT, *v.* GATTS ET AL., APPELLEES.

(No. 1232—Decided December 30, 1982.)

*Mr. Luther P. Cochrane,* for appellant.

*Mr. Joseph Giulitto,* for appellees.

COOK, J. Appellees, Dewey and Mary Alice Gatts, sold a parcel of land in Ravenna to Owen and Patricia Lavelle, d.b.a. Ravenna Plaza Associates ("RPA"). The balance due on the purchase price, $175,000, was evidenced by a note and secured by a mortgage held by appellees. RPA sold the subject property to appellant, the Douglas Company. Before the sale, a meeting was held which was attended by, among others, appellant's president and appellee Dewey Gatts.

Appellant filed an action for a declaratory judgment against appellees alleging it bought the property from Owen and Patricia Lavelle as a result of an alleged agreement reached with appellee Dewey Gatts at the meeting both attended, along with others, prior to the Lavelle sale. Appellant alleged that at said meeting, it offered to compromise the existing mortgage for $100,000 and appellee Dewey Gatts agreed to accept the $100,000 and discharge the mortgage. Appellant further alleged it subsequently tendered the $100,000 to appellees, which tender was refused by them.

Appellees denied any such agreement. They also filed a counterclaim for the balance due on the note and for damages.

Appellant filed a motion for summary judgment on the counterclaim and a motion to dismiss the counterclaim. Appellees filed a motion for summary judgment.

The trial court granted appellees' motion for summary judgment, holding that the discharge of a mortgage affects an estate or interest in land and is therefore subject to the Statute of Frauds and required to be in writing. The court also dismissed appellees' counterclaim.

Appellant has appealed the judgment of the trial court and has filed the following assignment of error:

"The trial court erred in granting summary judgment in favor of Gatts because the discharge release of Gatts' Mortgage was not within the Statute of Frauds and hence no writing was required."

The assigned error is without merit.

Civ. R. 56(C), in pertinent part, provides:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

A mortgage is an interest in land. *Campbell* v. *Sidwell* (1899), 61 Ohio St. 179, 186; *Webb's Admr.* v. *Roff* (1859), 9 Ohio St. 430.

An oral agreement to release an interest in land has been held to be within the Statute of Frauds. *John Shillito Co.* v. *Bassler* (1930), 38 Ohio App. 569.

We conclude that an oral agreement to release or discharge a mortgage is within the Statute of Frauds. 25 Ohio Jurisprudence 2d, Statute of Frauds, Sections 70 and 82.

The Statute of Frauds, R.C. 1335.05, requires that any contract for the sale of lands or an "interest in or concerning them" be in writing. Since the alleged agreement in the instant cause was an oral agreement, said agreement was void and the trial court properly granted appellees' motion for summary judgment.

*Judgment affirmed.*

HOFSTETTER, P.J., and DAHLING, J., concur.