CITY OF LORAIN, APPELLEE, *v.* GEL-PAK, INC. ET AL., APPELLANTS.

(No. 3631—Decided October 3, 1984.)

*Edward Zaleski,* city law director, for appellee.

*Daniel A. Cook,* for appellant Gel-Pak, Inc.

*E. G. Koury,* for appellant Alvin Gelman.

GEORGE, J. The defendants appeal from the judgment of the trial court in

an appropriation proceeding. This court affirms that judgment.

The defendants are Alvin Gelman, Louis Barbara Everchik, Gel-Pak, Inc., and Lorain Storage and Warehousing Company. The properties involved in this dispute are three parcels of land located on Broadway Street in the city of Lorain. Parcel one was owned by Gel-Pak. Gelman and Everchik owned ninety-nine percent of Gel-Pak's stock. Parcel two was owned by Lorain Storage. Gelman and Everchik owned two-thirds of Lorain Storage's stock. Parcel three was owned by Gelman and Everchik. Parcels one and three are located on the west side of Broadway while parcel two is located on the east side.

The city of Lorain appropriated property located on the west side of Broadway for the construction of a highway underpass to run beneath a railway. Thus, parcels one and three were appropriated. The appropriation proceeding was tried to a jury. The jury returned a verdict awarding Gel-Pak $28,000 for parcel one, and Gelman and Everchik $43,000 for parcel three. The defendants appeal from this judgment raising the following assignments of error:

"1. The trial court committed error in failing to allow the property owners to introduce evidence as to damages to the residue [parcel two], and instructing the jury that there was no residue, and therefore no 'damages' could be awarded to the property owners.

"2. The trial court committed prejudicial error in limiting the cross-examination of the appraiser who testified on behalf of the City of Lorain.

"3. The trial court committed prejudicial error in refusing to allow the property owners to present evidence on the 'cost of cure.' "

These assignments of error are interrelated and will be discussed together.

When a portion of one's parcel of land is appropriated, the remaining portion is called the residue. 38 Ohio Jurisprudence 3d (1982) 169, Eminent Domain, Section 114. Under the unity-of-use rule, Ohio courts have held that the owner of the residue may be entitled to damages only if there is common ownership between the portion of property taken and the remaining portion. 38 Ohio Jurisprudence 3d (1982) 172, Eminent Domain, Section 115.

Here, the defendants argue that parcel two is the residue which remained from the appropriation of parcels one and three. This argument is based on the defendants' contention that, as shareholders of Lorain Storage, Gelman and Everchik were the true owners of parcel two. The trial court ruled that parcel two was not the residue of either of the appropriated parcels. Thus, any evidence concerning damage to parcel two as a result of the appropriation was inadmissible.

While Gelman and Everchik were shareholders of Lorain Storage, shareholders of a corporation have no ownership interest in property held by the corporation. 11 Ohio Jurisprudence 3d (1979) 321, Business Relationships, Section 90. Thus, there could be no common ownership between parcel two and either of the appropriated parcels. Therefore, parcel two was not the residue of the appropriated parcels.

Having found that parcel two was not the residue of the appropriated parcels, the trial court's exclusion of evidence concerning damage to parcel two as a result of the appropriation was correct. Accordingly, these assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.