JOST et al., Appellants,

v.

BURR et al., Appellees.

[Cite as *Jost v. Burr* (1990), 69 Ohio App.3d 354.]

Court of Appeals of Ohio,
Summit County.

No. 14416.

Decided Sept. 12, 1990.

*Archie W. Skidmore* and *Spiros Vasilatos, Jr.,* for appellants.

*John E. Codrea, Duane Morris* and *David P. Bertsch,* for appellees.

CIRIGLIANO, Judge.

This cause comes before the court upon the appeal of Jerold F. Jost and John R. Jost ("Josts") from the trial court's judgment granting the motion for summary judgment of appellees, David L. Burr and Jost Tire Service, Inc. ("Jost Tire"). We affirm.

### Facts

The Josts commenced three separate actions in the trial court requesting declaratory and other, including injunctive, relief pursuant to R.C. 2721.01 *et seq.,* and Civ.R. 57 with respect to four separate written agreements. In order to better comprehend the disputed issues, a brief illustration of the supporting facts is required.

The Jost family had operated their family-owned corporation known as Jost Tire Services, Inc. for numerous years. In 1968, E.C. Jost, father of the appellants, created a written irrevocable trust with Firestone Bank of Akron, trustee, predecessor in interest to appellee, Bank One, Akron, N.A., trustee ("trustee"). The res of this trust consisted of the land and building from where the business operated at 547 Wolf Ledges, Akron, Ohio. E.C. Jost desired to create a family trust for the use and benefit of his wife (now deceased), his sons, and their respective wives, during their lifetime and the grandchildren of E.C. Jost.

Soon after the trust was created, Jost Tire entered into a long-term lease with trustee, wherein under the terms of the lease there was an option to purchase the trust property for the sum of $65,000. Approximately one year later, the parties adopted an amended lease increasing the purchase price of the option to $100,000. Both the original lease and the amended lease were signed by the Josts as then officers of Jost Tire.

Nearly fifteen years later, the Josts began negotiations for the sale of Jost Tire to one of their key employees, appellee David Burr. On June 1, 1984, a stock purchase agreement was executed by the Josts and Burr. Under the terms of the stock purchase agreement, Burr was given ten years to purchase all of the appellants' stock in Jost Tire. Burr tendered payment in full to the appellants before the expiration of five years. Notwithstanding that Burr has paid the agreed-upon consideration of $46,703.00, the Josts have refused to surrender the last remaining shares. As with the leases, the stock purchase agreement also contained the Josts' signatures in their corporate capacity.

On or about September 2, 1988, Jost Tire, now under the control of its new owner, Burr, exercised its option to purchase the subject premises. The Josts contend that the sale of the corporation to Burr should not include the transfer of the purchase option contained in the lease or amended lease. To support their position, the Josts argue that if had they intended to sell the purchase option as part of the stock purchase agreement, it would have been reflected in a greater purchase price. During the negotiations for the sale of the corporation, the Josts claim to have expressed their desire to depend upon the trust to draw their retirement income, because trust income to the Jost family was the primary purpose in establishing the trust. The Josts conclude that these are sufficient and material facts supporting a mistake of contractual intent and therefore requiring a rescission of the parties' agreement.

The Josts commenced three separate actions seeking a declaration of rights pursuant to the four written instruments. The written instruments challenged are (1) the trust agreement; (2) the original lease; (3) the amended lease; and (4) the stock purchase agreement.

The first two lawsuits were filed against Burr, Jost Tire, and multiple other defendants who are not parties in this appeal. The first lawsuit sought injunctive relief enjoining Burr from exercising the purchase option. The second suit also named Burr and Jost Tire as defendants and requested the trial court for a declaratory judgment with respect to the stock purchase agreement and to appoint a receiver to conduct the affairs of Jost Tire during the pendency of litigation. The trial court denied the relief sought in both of these actions.

In the third action, the Josts, along with fourteen other plaintiffs who are not appellants herein, named the trustee as defendant and asked for a declaratory judgment and damages with respect to the trust agreement, lease, and amended lease. Burr and Jost Tire answered both complaints and set forth counterclaims demanding specific performance of all contractual obligations, compensatory damages, punitive damages, attorney fees and costs.

After filing of the third lawsuit, trustee moved to join Burr and Jost Tire as defendants. This was done, and subsequently all three cases were consolidated. Burr and Jost Tire then moved the trial court for summary judgment. On December 13, 1989, the trial court sustained the motion for summary judgment finding that the language found in the four written instruments was clear and unambiguous and that Burr and Jost Tire are entitled to specific performance of all contractual obligations under the stock purchase agreement. The trial court also ordered the trustee to perform its obligations under the amended lease and tender clear title of the subject premises to Jost Tire.

Contemporaneously, the trial court issued a separate order addressing the trustee's motion to dismiss. In that order, the court stated that the Josts' claim for monetary damages in Count I of their action against the trustee and said motion to dismiss were rendered moot by the court's summary judgment order. The trial court then went on to grant the motion to dismiss with respect to Count II of the complaint alleging breach of fiduciary duty.

On January 12, 1990 the Josts filed a single notice of appeal from the final judgments in the consolidated cases.[1]

### Assignments of Error

"I. The trial court erred as a matter of law by granting Burr and Jost Tire's motion for summary judgment.

"II. The trial court erred as a matter of law by granting affirmative relief for specific performance and remanding the remainder of the counterclaim of Burr and Jost Tire to the referee for resolution and disposition."

Because these two assignments of error concern the granting of summary judgment as to the first two declaratory judgment actions, we will address them jointly.

■ The Josts predicate the first two assignments of error upon the alleged existence of a mistake in that the Josts did not intend for the option to

---

1. The trial court entered Civ.R. 54(B) language with respect to the remaining counterclaims of Burr and Jost Tire and referred the same to a referee for resolution and disposition, pursuant to Civ.R. 53.

purchase the subject premises contained in the amended lease to be part of the stock purchase agreement. This argument is falsely premised on the belief that the Josts, in their former capacity as shareholders of Jost Tire, have a proprietary interest in the corporation's property. It is a fundamental principle of corporate structure that shareholders have no ownership interest in corporate-owned property. *Lorain v. Gel–Pak, Inc.* (1984), 20 Ohio App.3d 378, 20 OBR 484, 486 N.E.2d 836; 11 Ohio Jurisprudence 3d (1979) 321, Business Relationships, Section 90. Likewise, a change of shareholders will not affect the title or the ownership of the corporation's property. See *Perkins v. Trustees of Monroe Avenue Church of Christ* (1946), 79 Ohio App. 457, 35 O.O. 4, 70 N.E.2d 487.

The trial court found the language found in both the lease and the amended lease clear and unambiguous and in full force and effect at the time of the stock purchase agreement. However, the Josts claim, notwithstanding the clear language in the leases, that the purchase option was abandoned, terminated, or otherwise abrogated prior to sale of the corporation. We find this allegation groundless. Nothing in the corporate records indicates any abandonment or termination of the option. Moreover, any purported abandonment would require a writing to comply with the Statute of Frauds. See *John Shillito Co. v. Bassler* (1930), 38 Ohio App. 569, 176 N.E. 461; *Douglas Co. v. Gatts* (1982), 8 Ohio App.3d 186, 187, 8 OBR 247, 247, 456 N.E.2d 841, 842. No such writing exists.

Turning now to the stock purchase agreement, the allegation that a mistake of intent warrants the rescission of the parties' agreement contradicts a fundamental axiom of contract law. This principle is that where parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect only to the parties' expressed intentions. *Charles A. Burton, Inc. v. Durkee* (1952), 158 Ohio St. 313, 49 O.O. 174, 109 N.E.2d 265; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920, 924.

Paragraph 3h of the stock purchase agreement states as follows:

"The Corporation has good, absolute, and marketable title to all its properties and assets, including without limitation those reflected in the Balance Sheet and those used or located on property controlled by the Corporation in its business except subject to liens, security interest [*sic*], encumbances or restrictions disclosed on the Balance Sheet."

The trial court expressly found that the language is clear and unambiguous and, therefore, parol evidence would be inadmissible to vary its plain lan-

guage. *Charles A. Burton, Inc., supra,* at paragraph two of the syllabus. There are no implied promises in a contract in relation to any matter that is specifically covered by the written terms of the contract. *Kachelmacher v. Laird* (1915), 92 Ohio St. 324, 110 N.E. 933, paragraph one of the syllabus; *Aultman Hosp. Assn., supra,* 46 Ohio St.3d at 54, 544 N.E.2d at 923.

We do not recognize the existence of any mistake justifying the remedy sought by the Josts. The affidavits of the Josts state that Burr tendered full payment for the shares, yet they refused to deliver the stock certificates. In addition, paragraph 3j of the agreement contradicts the allegation of mistake when it states:

"The respective books of account and minute books of the Corporation are complete and correct, and reflect all those transactions involving its business which properly should have been set forth in such books."

Burr inspected all the corporate record books during the negotiations to purchase the company to investigate the corporation's assets and he also verified the validity of the purchase option with the trustee. The Josts can not now claim a mistake of judgment to reopen this completely integrated agreement. The contract reflects the exact and intended results of the parties' bargaining.

▇ In light of our analysis, the second assignment of error addressing the relief granted by the trial court is also without merit. Specific performance was sought by the appellees in their counterclaim and is a proper remedy in a declaratory judgment action. Also, R.C. 2721.02 provides that a declaration of rights "may be either affirmative or negative in form and effect," and R.C. 2721.06 provides that an exercise of declaratory powers does not "limit or restrict the exercise of the general powers" of the court.

Accordingly, upon our review of the record we conclude that the trial court properly determined that there were no genuine issues as to any material facts and that the appellees are entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. Appellants' first two assignments of error are overruled.

### Assignment of Error III

"The trial court erred as a matter of law by dismissing the Josts' claims for monetary damages against Bank One, Akron, N.A., Trustee."

Appellee trustee contends that this assignment of error should be overruled on both procedural and substantive grounds.

▇ The third case filed in this matter contained two counts. Count I requested a declaratory judgment as concerns the option to purchase. Count

II claims that the trustee breached its fiduciary duty by executing the lease and the amended lease. The trial court ruled as to Count I that the trustee's motion to dismiss is moot since the court had already rendered its declaratory judgment against the Josts. As to Count II, the trial court sustained the trustee's motion, based upon the statute of limitations. See R.C. 2305.09; R.C. 2305.06. This order was issued on the same day as the court's order granting appellees' summary judgment.

Procedurally, appellants' notice of appeal does not specify from which final order they are appealing. See App.R. 3(C). The notice of appeal stated that an appeal is taken "from the final Judgment Order of the trial court entered in this action on the 13th day of December, 1989 * * *." It would have been more precise to have stated the notice of appeal in terms of plural judgment orders rather than in the singular. However, since the cases were consolidated, we will not defeat jurisdiction due to a technical default in the notice of appeal. *Woods v. Civil Serv. Comm.* (1983), 7 Ohio App.3d 304, 7 OBR 387, 455 N.E.2d 709.

We choose to address the assignment of error on more substantive grounds. The 1968 trust agreement states as follows:

"(b) To rent or lease any property of the trust for such time and upon such terms and for such price or prices as in its discretion and judgment may seem just and proper and for the best interest of the trust and the beneficiaries hereunder, irrespective of the provisions of any statute or of the termination of any trust.

"(c) To sell and convey any of the property of the trust or any interest therein, or to exchange the same for other property, for such price or prices and upon such terms as in its discretion and judgment may be deemed for the best interest of the trust and the beneficiaries hereunder, and to execute and deliver any deed or deeds with releases, contracts, or other instruments necessary in connection therewith."

These sections clearly empowered the trustee to have entered into the lease agreements and to have executed the purchase option. The Josts argue that somehow the trustee breached its fiduciary duty by honoring two twenty-year-old leases ratified by the Josts' own signatures. The trustee received over $700,000 from the leasee, Jost Tire, over the term of the lease and will receive an additional $100,000 as soon as it tenders its deed to the subject premises. In complete contrast to appellants' argument, the trustee's conduct is in total compliance with its fiduciary duty.

This issue is also resolved in the manner in which the trial court adopted the statute of limitations. The Josts claim that the breach of

fiduciary duty occurred upon the execution of the amended lease dated October 31, 1969. Of the two statutes cited by the trial court, R.C. 2305.06 grants appellants the longer statute of limitations of fifteen years. Therefore, the statute of limitations expired on October 31, 1984 and precludes Count II of appellants' complaint filed in 1988.

The Josts have adduced no evidence indicating that the leases were a result of anything less than a fair, arm's-length bargain. To recognize a breach of fiduciary duty when in fact the trustee honored its obligations would result in a manifest miscarriage of justice. Appellants' third assignment of error is overruled.

### Summary

For the reasons set forth herein, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.