DECISION AND JUDGMENT ENTRY
{¶ 1} On January 28, 2005, appellant, KeyBank National Association ("KeyBank") filed a complaint in the Lucas County Court of Common Pleas in which it sought foreclosure on a mortgage issued by KeyBank to the decedent, Betty K. Wright. Appellant asked the court to find that KeyBank had the first and best lien and to order payment to KeyBank in the amount of $10,443.18, plus interest at a rate of 5.95 percent per annum from May 25, 2004.
 {¶ 2} The named defendants in appellant's complaint were the beneficiaries and executors/administrators of Wright's estate, U.S. Mortgage, and the Treasurer of Lucas County ("Treasurer"). The mortgage and a Preliminary Judicial Report were attached to appellant's complaint. The report indicated that, other than real estate taxes owed to the Treasurer, the only other potential lien holder of record was U.S. Mortgage, who held a prior note and mortgage assigned to it by the Administrator of Veteran's Affairs, U.S. Veteran's Administration. The report noted that KeyBank recorded its "Open-End Mortgage" on August 4, 2003.
 {¶ 3} Only the Treasurer filed an answer to appellant's complaint. Although properly served, the other named defendants did not respond; therefore, appellant filed a motion for a default judgment as to these defendants. On May 31, 2005, the trial court granted KeyBank's motion for a default judgment, entered a judgment of foreclosure, and ordered the real estate that was subject to appellant's mortgage be sold. A notice of a sheriff's sale of the property was served on the Treasurer and U.S. Mortgage. KeyBank purchased the property. On September 27, 2005, the common pleas court entered a judgment confirming the sale of the decedent's property to KeyBank.
 {¶ 4} On December 2, 2005, appellee, Countrywide Homeloans, Inc. ("Countrywide") filed a motion to vacate the decree of foreclosure and confirmation order. Countrywide also asked for leave to intervene in the instant action. In support of its motions, appellee alleged that U.S. Mortgage assigned its note and mortgage to Countrywide. Appellee therefore claimed that the trial court's judgment was void because it lacked the jurisdiction to render any orders against a party "who was not served summons, did not appear, and was not a party in the court proceedings." The affidavit of Nicola Bigenho, an "authorized officer" and custodian of Countryside's records, avowed that U.S. Mortgage assigned the decedent's note and mortgage to appellee on June 30, 2004. However, neither the written assignment itself nor evidence that it was ever recorded pursuant to R.C. 5301.231 was offered to support Countrywide's motions.
 {¶ 5} On December 14, 2005, the trial court granted Countrywide's motions to vacate and for leave to intervene. The court below did not provide any basis for its decision to grant Countrywide's motion to vacate. On December 19, 2005, KeyBank filed its memorandum in opposition to appellee's motions. Appellant maintained that (1) Countrywide failed to offer any proof of any alleged written assignment in support of its motions; thus, the omission of such a writing violated the Statute of Frauds, R.C. 1335; and (2) assuming there was a written assignment, the assignment was never recorded in the Lucas County Recorder's office; therefore, Countrywide was "bound by the decree of foreclosure to the same extent as the named party assignor." The trial court never addressed KeyBank's motion. Appellee subsequently filed an answer, a cross-claim, and a counterclaim.
 {¶ 6} On January 12, 2006, KeyBank filed a notice of appeal from the trial court's December 14, 2005 judgment. Appellant asserts the following assignment of error:
 {¶ 7} "1. The trial court erred when it granted appellee's motion to vacate judgment decree in foreclsoure [sic] and confirmation order and for leave to intervene."
 {¶ 8} Appellant's assignment of error has three subparts, which read:
 {¶ 9} "A. The trial court erred in finding that appellee's unrecorded and unwritten assignment established sufficient grounds to vacate the foreclosure decree and confirmation order."
 {¶ 10} "B. The trial court erred in finding that appellee's unrecorded assignment could be used to assert a lien against appellant as a bona fide purchaser with no actual knowledge of the assignment."
 {¶ 11} "C. The trial court erred in ruling on appellant's motion to vacate judgment decree in foreclosure and confirmation order and for leave to intervene without allowing appellant the opportunity to respond to said motion as required by the court's own local rule."
 {¶ 12} Initially, we must address a jurisdictional question raised by Countrywide. Specifically, appellee contends that we should dismiss the instant cause for lack of a final appealable order. For the following reasons, we disagree.
 {¶ 13} Appellee states that although the December 14, 2005 order from which this appeal is taken is one that "vacates or sets aside a judgment" and is final pursuant to
 {¶ 14} R.C. 2505.02(B)(3), it cannot be appealed at this time because it does not also comply with Civ.R. 54(B) as required byDenham v. New Carlisle (1999), 86 Ohio St.3d 594. Civ.R. 54(B) states:
 {¶ 15} "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 16} A court's order that vacates a prior final order is appealable as long as the prior order was final and appealable.Matrka v. Stephens (1991), 77 Ohio App.3d 518. In the instant case, the prior order that was set aside, that is the May 31, 2005 foreclosure order, is a final order. See Ohio Dept. ofTaxation v. Plickert (1998), 128 Ohio App. 3d 445, where the court states:
 {¶ 17} "It has generally been the law of Ohio that debtors may immediately appeal an order of foreclosure. Third Nat'l.Bank of Circleville v. Speakman (1985), 18 Ohio St.3d 119;Oberlin Sav. Bank Co. v. Fairchild (1963), 175 Ohio St. 311;Queen City, Sav. Loan Co. v. Foley (1960) 170 Ohio St. 383,165 N.E.2d 633; Shumay v. Lake Chateau, Inc. (Apr. 22, 1981), Medina App. Nos. 1013 and 1034, unreported, Durnbaugh v. Sutton
(Nov. 7, 1991), Greene App. Nos. 91CA14, 90CA141, unreported (dictum)."
 {¶ 18} Therefore, since the May 31, 2005 order of foreclosure is final, so is the order that vacates it. It is irrelevant that after that final order was entered, a new party was allowed to intervene in the case. At the time of the foreclosure, all the parties and interests in the case were addressed and a Civ.R. 54(B) no just reason for delay determination would be superfluous. Therefore, this cause is properly before this court.
 {¶ 19} KeyBank first contends that the trial court based its decision on the incorrect law cited by appellee. We agree.
 {¶ 20} In the court below, Countrywide insisted that its motion to vacate was not brought pursuant to Civ.R. 60(B). Instead, appellant claimed, as it does on appeal, that the trial court's judgment was void ab initio[1] because "the trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings." However, those cases cited by appellee involve either a circumstance where the service of process on a named, known party was deficient, seeLincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, or the court entered judgment against an individual who was never made a party to a lawsuit, State ex rel. Ballard v. O'Donnell (1990),50 Ohio St.3d 182, 184. See, also, Int'l Lottery, Inc. v.Kerouac (1995), 102 Ohio App.3d 660 (alleged failure to serve the defendant with a remand order from a federal district court);Kurtz v. Kurtz (1991), 71 Ohio App.3d 176 (alleged defective service in a divorce case); In re Miller (1986),33 Ohio App.3d 224 (defective service in a juvenile case).
 {¶ 21} As applied to the case sub judice, the trial court never made any findings against Countrywide, and appellee cannot claim defective service of process because it was never a party to the proceedings in the trial court. Therefore, the trial court could not predicate its decision to vacate its judgment on the ground that it was void. Furthermore, even though appellee now appears to imply that its motion to vacate might be based upon Civ.R. 60(B), appellee's motion fails to satisfy the requisites of that rule. See GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 22} Contrary to appellee's arguments, we conclude that appellant sets forth the law applicable to this cause in subparts (A) and (B) of its brief. First, we note that Countrywide never offered the actual written assignment of U.S. Mortgage's interest in the decedent's real estate, thereby violating the Statute of Frauds. R.C. 1335.04 provides that any interest in land shall be granted or assigned by deed or note in writing and signed by the grantor. A mortgage is an interest in land. Douglas v. Gatts
(1982), 8 Ohio App.3d 186, 187, citing Campbell v. Sidwell
(1899), 61 Ohio St. 179, 186; Webb's Admr. v. Roff (1859),9 Ohio St. 430. Therefore, Countrywide should have produced the written assignment itself.
 {¶ 23} Moreover, and assuming arguendo, that the affidavit of appellee's custodian of the records is sufficient to establish that U.S. Mortgage made a written assignment of its note and mortgage to appellee on June 30, 2004, there is no evidence in the record of this case to show that appellee ever recorded that assignment. Appellee asserts, however, that as U.S. Mortgage's assignee, its mortgage was recorded on June 4, 1980. The relevant statutes and case law clearly belie this assertion.
 {¶ 24} R.C. 5301.23(A) states that "[a]ll properly executed mortgages shall be recorded in the office of the county recorder of the county recorder in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." An "assignment, whether it [appears] * * * upon the original mortgage, or upon the margin of the record thereof, or by separate instrument, shall transfer not only the lien of said mortgage, but also all interest in the land described therein." R.C. 5301.31.
 {¶ 25} In Pinney v. Merchant's Nat. Bank of Defiance
(1904), 71 Ohio St. 173, 184, the Ohio Supreme Court found that the purpose of the legislature in enacting the statues governing the recording of assignments of mortgages was "to secure a record which will apprise all interested of the real condition of title with respect to incumbrances." "`Therefore, under the statute, an unrecorded mortgage is valid between the mortgagor and the mortgagee, but as to others, it takes effect at the time that it is placed upon the record.'" ABN Amro Mtge. Group, Inc. v.Jackson, 159 Ohio App.3d 551, 2005-297, at ¶ 16 (Citations omitted.) See, also, Fosdick v. Barr (1854), 3 Ohio St. 471.
 {¶ 26} Based on the foregoing, we find KeyBank's single assignment of error well-taken.[2] The judgment of the Lucas County Court of Common Pleas is reversed, and this case is remanded to that court for the sole purpose of re-entering its judgment in favor of KeyBank. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Appellee further urges on appeal that our standard of review is an abuse of discretion. We also disagree with this proposition. That standard is applicable to a Civ.R. 60(B) motion to vacate. See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Our review of whether the trial court erred in finding its judgment of sale and confirmation void is determined as a matter of law. Parrish v. Ohio Real Estate Comm., 10th Dist. No. 05AP-313, 2005-Ohio-63, 75, at ¶ 12.
[2] Subpart C is rendered moot by our decision.