Shohl, P. J.
Plaintiffs in error brought an action in the superior court of Cincinnati to recover rental for premises located in Cincinnati, *217 which had been leased to the defendant in error for a period of two years. The defense relied upon an oral agreement to cancel the lease for the balance of the term. The court admitted the testimony of the oral agreement in respect to the lease, and the defendant recovered a verdict, upon which judgment was entered.
The amended answer upon which the case was tried alleges:
“For further answer, defendant states that some time in January, 1917, while it was in possession of the described store premises, the plaintiffs advised the defendant that they desired possession thereof, for the purpose of renting the same to The Herman Bumiller Company, which company occupied the store adjacent to the defendant in the same building, the entire building being owned by plaintiffs; and the plaintiffs requested the defendant to vacate its store and surrender the same to plaintiffs as soon as it could find a suitable new location, and plaintiffs agreed that when said store was vacated, defendant should be released from the further payment of rent. Defendant thereupon agreed to vacate as soon as it could find such location. The defendant thereupon sought a new location and was assisted therein by the plaintiffs. As soon as said new location was found, the defendant moved into the same in June, 1917, and thereupon notified the plaintiffs, that pursuant to plaintiff’s request and agreement it had vacated the premises leased. Thereupon plaintiffs repudiated their request and agreement thereon.
“Defendant states that the rentals claimed by plaintiffs in their petition, are for months sub *218 sequent to the time when as above alleged it had vacated said premises pursuant to plaintiffs’ request and subsequent to the time of plaintiffs’ assistance to the defendant in seeking a new location.
“Wherefore, having fully answered, defendant prays to be hence dismissed with its costs.”
The sufficiency of the answer ig challenged by demurrer and also by objection to the admission of evidence.
The agreement alleged in the answer is claimed to have been made in January, 1917. At that time it is claimed that the plaintiffs agreed that the defendant should vacate the premises in the future, at which time it should be released from the further payment of rent.
Neither the allegations nor-the proof make out a case of a surrender in fact, as there was no present agreement to surrender accompanied by a change of possession. Section 8621, General Code, provides:
“No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default or miscarriage, of another person; nor to charge an executor or administrator upon a special promise, to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them; nor upon an agreement that is not to be performed -within one year from the making thereof; unless the agreement upon which such action is brought, *219 or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
Under its terms no person shall be charged upon an oral contract concerning an interest in lands. The object and purpose of the statute was to exclude all oral evidence of contracts regarding land. It is against the policy of the law that a party to a written lease should be. deprived of his rights under it by a claim based solely on oral testimony. If the view taken by the court below is correct, a lessee in any case might attempt to, prove that he abandoned the premises pursuant to an oral agreement made some time previously, and the landlord’s right, which the law protects by requiring it to be effected by a solemn instrument of writing, might be set at naught by testimony of mere conversations.
A relaxation of the rules as shown in the case of Bumiller v. Walker, 95 Ohio St., 344, is confined to those cases whe're there is a change of possession concurrent with the oral agreement. The case of Frankel v. Steman, 92 Ohio St., 197, was apparently such a case. There may be a surrender by parol, but that surrender must be a surrender in fact, and not an agreement to surrender. An agreement to surrender must be in writing in order to be valid. Strong v. Schmidt, 15 C. C., 233, 240. See also Hamberger Co. v. Miller Bros. & Co., 25 C. C., N. S., 234, as to the statute of frauds.
The defendant has neither alleged nor proved anything more than a mere oral agreement to sur *220 render, which, as shown by the foregoing authority, will not operate to destroy the lease nor excuse nonpayment of the rent.

Judgment reversed and judgment for plaintiffs in error.

Hamilton and Cushing, JJ., concur.