# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 825

BLODGETT-BECKLEY CO. v. PUB. SER. TIRE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5642.   Decided April 27, 1925

1106.   STATUTE OF FRAUDS — Verbal agreement to terminate a lease by mutual consent followed by acquiescence, and the vacation of the premises, is not within statute of frauds.

VICKERY, J.

The Public Service Tire Co. rented certain space in the building of the Blodgett-Beckley Co. under certain terms for two years. Because the lessor had not complied with the terms in the way of installing an elevator the Tire Co. was forced to carry its supplies through the rooms of the Blodgett-Beckley Co.

At one particular time when the Tire Co. had a delivery of tires, the Blodgett Co. before they had carried them all down to their storeroom, refused to let them finish and locked up the store. The Tire Co. was informed that it was desired that it move out because of the manner in which they were getting along. Whereupon the Tire Co. agreed to move. The Tire Co. moved out on the 31st of August, being within the time for which it had paid its rent. The Blodgett-Beckley Co. in answer to a letter prior to the vacation of the premises by the Tire Co. submitted a bill for the ensuing months rent which was refused.

Plaintiff in error brought an action in the Cleveland Municipal Court against the Tire Co. to recover two months rent. Defendant set up that by mutual agreement the lease had been terminated and that it did not owe any rent. Judgment was in favor of the Tire Co. Error was prosecuted and the Court of Appeals in affirming the judgment of the Municipal Court held:

1.   The Tire Co. had a right to be dissatisfied with the manner in which the plaintiff had provided the means of ingress and egress and the plaintiff unnecessarily interfered with the peaceable and quiet enjoyment of the Tire Co. in its occupancy of the premises.

2.   The case of Cromwell v. Bissinger Co., 13 Ohio App. Rep. 216, is not in point with the case at bar. That was an oral agreement for termination of a lease in the future, in the present case termination was at once.

3.   There can be no question but what a verbal agreement to terminate a lease by mutual consent followed by acquiescence and the vacation of the premises is within the law and not within the statute of frauds. Judgment of court below affirmed.

Attorneys—Bartholomew, Leeper & McGill for Blodgett-Beckley Co.; Bloomberg & Wolf for Tire Co.; all of Cleveland.