## AMERICAN JEWELRY CO v BARRS SELF-DRIVER CO, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 4324. Decided May 29, 1933

Milton Rosenbaum and Leo Weinberger, Cincinnati, for plaintiff in error.

Julius R. Samuels, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

We are of opinion that the trial court's judgment was correct as to amount. The claimed reduction in the rent was oral and the terms of the lease will not be varied by an oral agreement. Cromwell et v Bissinger Candy Co., 13 Oh Ap, 216.

On the question of constructive eviction, the law is, that such notice if properly given is constructive eviction; that it is not necessary for the tenant to wait until ejectment proceedings are instituted.

The facts are: On July 11, 1932, the day the notice to vacate was served, The Jewelry Company was in default of several months rent. It was also in default for taxes and expenditures required under the lease. Suit had been instituted by the paramount title holder against the Jewelry Company to recover for these defaults. The Barrs Self-Driver Company knew of these defaults in payments by the Jewelry Company, having been so informed by the president of the Jewelry Company as well as publication of notice through the institution of the suit.

The Jewelry Company seeks to escape the situation so far as it constitutes constructive eviction by reason of its arrangement with the agent of the United Cigar Stores Company concerning the rents and charges. Its claim is evidenced by the following receipt:

"Cincinnati, Ohio, July 11, 1932.

Received from The American Jewelry Company a check for $350.00 to be applied to the account of indebtedness due the United Cigar Stores Company of America, to-wit: rent due to July 1, 1932, amounting to $1350.00, water rent in the sum of $2.00 plus June, 1932 taxes of $117.63, which, however, is to be applied only if the proposition of $1,000.00 cash made by said The American Jewelry Company is accepted by the United Cigar Stores Company, which, if accepted, the balance of the aforesaid indebtedness is to be charged against the security deposited with the United. The American Jewelry Company to pay rent at the rate of $400.00 per month beginning with the July 1932, rent, for the balance of the terms of the lease with the United Cigar Stores Company, however, receiving a credit of $100.00 per month on said rent until the security is consumed.

"If the aforesaid proposition is not accepted by the United Cigar Stores Company of America, the proceeds of said check of $350.00 is to be considered payment for remaining in the premises from date to August 1, 1932, at which time judgment may be taken in a suit for forcible entry and detainer.

THE UNITED CIGAR STORES COMPANY
OF AMERICA
By WALTER M. SCHOENLE,
Its Attorneys
THE AMERICAN JEWELRY COMPANY
By ....................
President."

This receipt, however, does not show any settlement executed at the time. Notwithstanding the receipt, on the same day, The United Cigar Stores Company, through its agent, served written notice on both the Jewelry Company and the Barrs Self-Driver Company to vacate. The Barrs Self-Driver Company had no knowledge of any settlement or attempted settlement of execution of the receipt. If the receipt should be

considered as equivalent to the paying up of the back rents and charges by the Jewelry Company, it only recites that the Jewelry Company gave a check for certain back rents, which were receipted for by the Company as such and not payment. The acceptance of this was was contingent upon the aceeptance of the proposition by the paramount title holder, The United Cigar Stores Company.

As above stated, The Barrs Self-Driver Company knew nothing of this proposition. It had a right to rely on the situation that existed when it received the notice. It knew the Jewelry Company was subject to eviction and notice to it was constructive eviction, unless the same was withdrawn by the paramount title holder. Under these facts the Barrs Self-Driver Company had a right to consider itself constructively evicted, and had a right to surrender the property. Subsequent acts without notice would not deprive the Barrs Self-Driver Company, under the law, of the right to vacate and surrender the property, and it was not required to await future action in the way of ejectment proceedings.

It must be borne in mind that the lease from the plaintiff to the defendant was made, by its terms, subject to all the restrictions, conditions, and covenants contained in the lease from the United Cigar Stores Company, holder of the paramount title, to the American Jewelry Company. The rule is laid down in Thompson on Real Property, Vol. 11, page 344, §1254, wherein it is stated:

"In an action for breach of covenant for quiet enjoyment, it is not necessary for lessee to prove an actual, forcible eviction. Proof of demand for possession by persons holding title paramount to that of the landlord, and surrender of possession in acquiescence to such demand entitled the tenant to a recovery. So, lessees have a right to yield to a demand for possession by one having a paramount right without losing their remedy against the lessors for the covenant for quiet enjoyment. If the landlord had no right to lease, tenants need not wait until they are evicted by judgment. They may yield to a paramount title without suit, and will be discharged from further obligation to pay the rent reserved in the lease."

This rule applies to the case under consideration with full force. Under this rule not only could the Barrs Self-Driver Company have the right to yield to the paramount title, but might also maintain an action against its lessor for breach of the covenant for quiet enjoyment of its lease. However, no such relief was asked by the defendant and it is not in the case.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.