OPINION
Defendant, Sheila White-Dawson, appeals from an order of restitution entered in favor of Plaintiff, The Miami Valley United Methodist Mission Society on its complaint for forcible entry and detainer.
In July of 1994, White-Dawson leased the basement and kitchen of St. Mark's United Methodist Church for use as a child care center for a term of ten years. The written lease provided that White-Dawson would pay the church monthly rent in the amount of $500. It also provided that White-Dawson could assign her lease rights to a corporation she might create to operate the child care center without obtaining the Church's approval. The written lease also provided that "no changes shall be made herein unless the same shall be in writing" and signed by the parties.
White-Dawson incorporated the child care center in 1994. Richard Dawson became president. In October of 1994, the St. Mark's congregation quit the premises and transferred title to the church property to the Miami Valley United Methodist Mission Society ("the Society").
The Society brought this action for forcible entry and detainer against White-Dawson in October of 1997, alleging that she had breached the lease by failing to pay the rent it was due under the lease. The Society alleged a total arrearage of $15,000. White-Dawson answered, alleging that the Society had waived its right to rent upon its prior, oral agreement with Richard Dawson that the child care center could pay the cost of utilities on the property in lieu of rent. White-Dawson also counterclaimed for the amount of the utilities and other costs she had paid.
Prior to trial, White-Dawson moved to dismiss the Society's complaint. She alleged that she had made a payment to the Society before the complaint was filed for the rent due that month, and had made a like payment after the complaint was filed for the rent due for the month following. The court denied the motion.
The Society's claim for restitution of the premises was heard first. White-Dawson admitted that she had paid no rent since October or November of 1994, a few months after the lease was signed. John Dunham, a former district superintendent for the United Methodist Church, testified that he had agreed with Richard Dawson that the child care center could pay the cost of the utilities for the building as and for rent, there being no intention on the part of the church to waive its right to rent. Richard Dawson testified that he paid the utilities on behalf of the child care center pursuant to that agreement. Both men testified that the agreement to pay utilities as rent was an oral agreement and had not been reduced to a writing signed by the parties to the lease.
In its Decision and Entry granting restitution of the premises to the Society, the trial court noted the testimony concerning the oral agreement but made no findings concerning it. The court also found that White-Dawson had paid $2,500 in rent during her tenancy, plus the two additional payments of $500 each before and after the complaint was filed. The court held that none of these payments barred the Society's right of restitution as none were for future rent.
The court also denied a motion to dismiss that White-Dawson filed alleging that she was not a proper party because her rights under the lease had been assigned to the corporation. The court held that White-Dawson is a proper party, nonetheless, absent any evidence that the Society had waived its right to receive rent from White-Dawson.
White-Dawson filed a timely notice of appeal. She presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION GRANTING RESTITUTION OF THE PREMISES TO PLAINTIFF/APPELLEE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
White-Dawson argues that there can be no breach of her duty under the lease to pay rent to the Society in the amount of $500 monthly when the Society's predecessor, the church, told her to pay the utilities as and for rent instead.
R.C. 1335.04 codifies the Statute of Frauds and provides that no lease or other interest in lands shall be granted except by deed or a note in writing signed by the party granting it. "It is against the policy of the law that a party to a written lease should be deprived of his rights under it by a claim based solely on oral testimony." Cromwell v. Bissinger Candy Co. (1920),13 Ohio App. 216, 219. Therefore, a reduction in the amount of rent stated in a written lease may not be proved by evidence of an oral agreement. American Jewelry Co. v. Barrs Self-Driver Co., Inc.
(1933), 48 Ohio App. 239.
The oral agreement on which White-Dawson relies did not reduce the amount of the rent due under the oral agreement. Dunham, the church's former district superintendent, testified that it was understood that the monthly utilities would likely run to $500, and that White-Dawson was obliged to pay any amount greater than that. Nevertheless, the purported oral agreement made a material modification of the provision of the written lease concerning the form of the rent to be paid and the landlord's right to receive it. Therefore, the oral agreement was ineffective to vary the rent provisions of the written lease, and the Society, as assignee, has a right to restitution of the premises upon proof that White-Dawson breached those provisions.
We also note that the written lease provided that any changes in its terms must be made in a writing signed by the parties. The subsequent oral agreement was, therefore, ineffective to waive the Society's right under the written lease to be rent paid in the amount and form that the lease provided.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT DECISION THAT SHEILA WHITE-DAWSON IS A PROPER PARTY IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE
White-Dawson argues that the Society's complaint was improperly filed against her because she had incorporated the child care center and transferred her rights under the lease to the corporation.
Privity of contract is "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." Black's Law Dictionary (7 Ed. 1999) 1217. Privity of estate is "[a] mutual or successive relationship to the same interest in property, as between grantor and grantee or landlord and tenant." Id. at 1218.
 [I]t matters not, as between lessor and lessee, where the covenant is express, whether or not the privity of estate between them has been severed by an assignment of the term; so long as the privity of contract exists, the liability of the lessee continues. . . . [A]fter an assignment of the lease, the lessor has a double and several security for the payment of his rent, either or both of which he may pursue until satisfaction is obtained.
 Taylor v. DeBus (1877), 31 Ohio St. 468, 471.
White-Dawson's assignment of her interest in the lease permitting her to use the church's basement and kitchen to the incorporated child care center did not release White-Dawson from her obligations under the lease. There is no evidence in the record that either the Society or its predecessor, the church, released White-Dawson from her rent obligations under the lease. Thus, the Society had double security for the payment of the monthly rent it is due. The Society might have brought the action against White-Dawson and/or the corporation, but its choice of White-Dawson alone is not improper.
White-Dawson's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT DECISION THAT THE PLAINTIFF DID NOT ACCEPT FUTURE RENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, 280. In reviewing the claim, an appellate court must be guided by a presumption that the findings of the trier of fact were correct. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77.
A landlord must give a tenant three days notice of his intent to seek restitution of the premises before commencing a forcible entry and detainer action. R.C. 1923.04. If a landlord fails to give the prescribed notice, the landlord cannot maintain a forcible entry and detainer action. If after giving notice the landlord accepts future rent he waives the notice he has given, barring his right of action, because his acceptance of future rent is inconsistent with his right of possession.
"A payment by a tenant is only a `future rent payment' when it is for a period of occupancy after the date of the landlord's acceptance." Sholiton Ind., Inc. v. Royal Arms, Ltd. (June 4, 1999), Mont. App. No. 17480, unreported. A landlord accepts a check by cashing it. See Associated Estates Corp. v. Bartell
(1985), 24 Ohio App.3d 6, 9.
White-Dawson argues that the Society waived the breach when it accepted two money orders that she offered as payment on October 8, 1997, for that month's rent, and when it accepted a check on October 31, 1997 for November's rent.
The trial court made no specific finding that the two payments White-Dawson tendered in October were for future rent. The trial court merely concluded that "the payment to the Society following the 30 day notice does not forfeit the Society's ability to proceed with the eviction."
Though White-Dawson testified at trial that she made two rent payments to the Society in 1997, she did not offer any evidence, such as a canceled check, demonstrating that the Society had accepted her payments. Thus, there is competent credible evidence that the Society did not accept future rent after it filed its action.
White-Dawson's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO CONSIDER DEFENDANT/APPELLANT'S ESTOPPEL CLAIMS
White-Dawson argues that the Society should be equitably estopped from commencing action for breach of the written agreement. She relies on the Society's oral waiver of the rent provision in the written lease.
No lease is effective unless it is signed by the person who grants the interest involved. R.C. 1335.04. Courts of equity may bar application of R.C. 1335.04, the Statute of Frauds, where an oral lease has been partially performed or where a party asserts the statute of frauds in furtherance of fraud. McCarthy, Lebit,Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993),87 Ohio App.3d 613, 623.
Two requirements must be satisfied for promissory estoppel to defeat the Statute of Frauds defense. First, a party must plead promissory estoppel as an affirmative defense pursuant to Civ.R.8(C). See Association for Responsible Development v.Fieldstone Ltd. Partnership (Nov. 13, 1998), Mont. App. No. 16994, unreported. Second, there must be proof of "a misrepresentation that the statute of frauds' requirements have been complied with or (breach of) a promise to make a memorandum of the agreement."Id. White-Dawson asserted promissory estoppel in her answer and counterclaim to the Society's complaint. However, the record does not reflect that the Society had represented that the oral agreement complied with the Statute of Frauds or that it had promised to make a memorandum of the agreement but didn't. In fact, Richard Dawson testified that a written agreement to amend the original agreement was presented to him, but that he did not sign it. (Tr. 188). Thus, White-Dawson's promissory estoppel claim does not overcome the Statute of Fraud as it applies to the Society's claim.
White-Dawson's fourth assignment of error is overruled.
Having overruled all of the assignments of error, the judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.