NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2593
_____

WILLIAM G. TOMKO, JR.,
trading and doing business as
MISSIONARY PARTNERS, LTD.,
Appellant

v.

BALDWIN BOROUGH;
ROBERT FIREK;
JASON STANTON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-20-cv-00822)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 29, 2022

Before: HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: June 1, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

William Tomko, Jr., individually and on behalf of his business, Missionary

Partners, Ltd., appeals the District Court's order dismissing his complaint against

Baldwin Borough and several Borough employees (together, the "Defendants"). The

complaint alleges the Defendants, individually and together in a civil conspiracy, violated

Tomko's constitutional rights by arbitrarily and illegally depriving him of the free use

and enjoyment of his property. Because Tomko failed to sufficiently plead both his

substantive due process and civil conspiracy claims,[1] we will affirm.[2]

A claim for deprivation of substantive due process under 42 U.S.C. § 1983

requires the plaintiff to allege that (1) government actors deprived him of a protected

property interest and (2) their behavior "shocks the conscience."[3] Because the parties do

not dispute that Tomko was deprived of a protected property interest, we focus on

whether the Defendants' behavior shocked the conscience.

Whether behavior shocks the conscience "varies depending upon factual

---

[1] The District Court also dismissed Tomko's breach of contract claim, which is not at issue on appeal, under 28 U.S.C. § 1367(c) without prejudice.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1343 (federal civil rights). We have jurisdiction under 28 U.S.C. § 1291 (final decision). We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 228.

[3] *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399–400, 402 (3d Cir. 2003).

context,"[4] but "encompasses 'only the most egregious official conduct.'"[5] Conscience-shocking conduct includes corruption, self-dealing, ethnic bias, or interference with an otherwise protected constitutional activity.[6] "[T]his test is designed to avoid converting federal courts into super zoning tribunals."[7] "Land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives."[8] Tomko argues that his complaint alleges several instances of conscience-shocking behavior. But none of Tomko's allegations meet the test's demanding standard.

Tomko claims the Defendants ignored prior land-use agreements; attempted to compel him to relocate the sewer running under his property; declined his grading permit application; prevented employees from working on the property; enforced the denial of his application through police presence, surveillance, and threats; and caused him to lose business associated with his use of the land. Accepting Tomko's factual allegations as true, as we must, our case law forecloses us from concluding this behavior shocks the conscience. In *Eichenlaub v. Township of Indiana*, we held that government officials selectively enforcing subdivision requirements, unexpectedly and unnecessarily

---

[4] *Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008).
[5] *United Artists*, 316 F.3d at 400 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).
[6] *Eichenlaub*, 385 F.3d at 286.
[7] *Id.* at 285.
[8] *United Artists*, 316 F.3d at 402.

inspecting the property, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" the property owners did not shock the conscience.[9] There were no allegations that the township was motivated by corruption or self-dealing, so we held that "these complaints are examples of the kind of disagreement that is frequent in planning disputes."[10]

Tomko labels the Defendants' actions "corruption" and "self-dealing,"[11] but the complaint does not support those labels. "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[12] Tomko does not allege the Defendants benefitted personally or financially from any of their actions. Indeed, the relocation of the sewer line would benefit the Borough's constituents, not the Defendants.

The closest Tomko comes to properly alleging self-dealing is the complaint's assertion that the Defendants are trying to compel him to privately fund the relocation of a public sewer line. But again, this bare statement is not supported by any factual allegations. Tomko alleges the Borough requested "detailed engineering" to show a relocation of the sewer line.[13] But, as a 2008 agreement between Missionary Partners and

---

[9] *Eichenlaub*, 385 F.3d at 286.
[10] *Id.*
[11] App. 220–21.
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[13] App. 216.

Baldwin Borough attached to the complaint shows, Missionary Partners has responsibilities related to the relocation of the sewer line. Tomko's allegation that the Defendants tied the granting of his permit to the sewer line relocation is, at most, a bad-faith violation of state law. The complaint reflects this through its repeated references to Baldwin Borough exceeding its authority and lacking statutory authority. We have held that such a violation does not shock the conscience.[14]

The District Court cited a host of nonbinding decisions to support its holding that the Defendants' behavior does not shock the conscience. Tomko attempts to distinguish only three. Although we do not rely on these cases, even if we did, Tomko's efforts would still fail. *DB Enterprise Developers & Builders, Inc. v. Micozzie* merely repeats the rule that conclusory assertions of corruption and self-dealing will not withstand scrutiny without facts to support them.[15] As explained above, Tomko does not allege facts to support his conclusory statements. Next, Tomko argues that the Defendants' actions shock the conscience because they are more egregious than those in *Shamrock Creek, LLC v. Borough of Paramus* and *Strategic Environmental Partners, LLC v. Bucco*.[16] As previously discussed, the Defendants' actions here may be improper or ill-advised, but they are not egregious. Just because the Defendants' behavior may have been worse than

---

[14] *See United Artists*, 316 F.3d at 402.

[15] 394 F. App'x 916, 919 (3d Cir. 2010).

[16] No. 12-2716, 2014 WL 4824353, at *5 (D.N.J. Sept. 24, 2014); 184 F. Supp. 3d 108, 129–31 (D.N.J. 2016).

5

in those cases does not make it egregious.

Tomko also argues that the District Court erred in dismissing his claim for civil conspiracy. To state a § 1983 civil conspiracy claim, Tomko must allege that "persons acting under color of state law conspired to deprive him of a federally protected right."[17] Because he has not alleged a deprivation of a constitutional or federal statutory right or privilege, there can be no civil conspiracy to commit an unlawful act under § 1983.[18]

We conclude that the District Court appropriately granted the motion to dismiss, and we will affirm.

---

[17] *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds*, Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108–446, 118 Stat. 264, *as recognized in P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727 (3d Cir. 2009).

[18] *See Black v. Montgomery Cnty.*, 835 F.3d 358, 372 n.14 (3d Cir. 2016).