NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2882
_____

ANSELMO MILLAN,
                                        Appellant

v.

MUNICIPALITY OF HARRISON; JAMES A. FIFE,
individually and in his official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:20-cv-02241)
District Judge: Honorable Evelyn Padin
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 6, 2025

Before:  HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: August 15, 2025)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff-Appellant Anselmo Millan is a former town councilperson and member of a private, not-for-profit community development corporation in Harrison, New Jersey. Millan sued the Municipality of Harrison and Mayor James A. Fife for violations of his First Amendment and due process rights under 42 U.S.C. § 1983. The District Court dismissed the due process claims as untimely but allowed the retaliation claims to proceed to discovery. After the close of discovery, the District Court granted the Defendants-Appellees' motion for summary judgment on statute of limitations grounds, dismissing the complaint. It denied Millan's motion for reconsideration on the same grounds, as Millan failed to show a dispute of material fact as to when the cause of action accrued. Millan appeals. We will affirm.[1]

Millan argues that the District Court abused its discretion by denying reconsideration after it misapplied the summary judgment standard to hold that his claims were time-barred. "[A] judgment may be altered or amended if the party seeking reconsideration shows . . . the need to correct a clear error of law or fact or to prevent manifest injustice."[2] Specifically, Millan argues the District Court overlooked certain arguments in his opposition to summary judgment. We disagree.

The District Court properly applied the summary judgment standard. To survive a

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts).

[2] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

motion for summary judgment, the non-moving party "must show where in the record there exists a genuine dispute over a material fact."[3] Millan argues that there was a dispute of material fact about when his retaliation claims accrued.

Under New Jersey law, the statute of limitations for a § 1983 claim is two years.[4] "[A] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."[5] In the First Amendment retaliation context, individual discrete acts "g[ive] rise to a cause of action at the time [they] occur[]."[6] Here, Millan filed his complaint on March 2, 2020. The District Court held that his claims were untimely because they accrued prior to March 2, 2018. Millan contends that the District Court overlooked actions the Defendants-Appellees took after March 2, 2018 because it applied a "heightened pleading standard."[7] But Millan confuses the summary judgment standard with that for a motion to dismiss.

The summary judgment standard instructs that allegations without any supporting record evidence cannot create a genuine dispute of material fact.[8] The motion to dismiss standard, by contrast, asks whether the allegations in the complaint plausibly state a

---

[3] *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007).
[4] *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing N.J. Stat. Ann.§ 2A:14-2 (West 2004)).
[5] *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).
[6] *O'Connor v. City of Newark*, 440 F.3d 125, 128–29 (3d Cir. 2006).
[7] Appellant's Br. 7 (citation omitted).
[8] Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (explaining that nonmoving parties can point to various types of evidence "except the mere pleadings themselves").

claim.[9] According to Millan, the District Court failed to take into account "the factual allegations in the complaint" about retaliatory actions that occurred after March 2, 2018: the firing of his political supporters and the cancellation of various town festivities.[10] But there was no genuine dispute because Millan failed to substantiate these events.

To survive the motion for summary judgment, Millan needed to cite admissible evidence supporting his allegations that the discrete acts happened after March 2, 2018. Instead, he relied primarily on his complaint. And even where Millan relied on record evidence, his citations lacked time specificity. He pointed to Fife's deposition, but that only confirmed festivities were cancelled, not when. He highlighted deposition testimony of a former employee, but that only revealed the employee forgot the "exact date" of termination, not that termination occurred after the limitations period.[11]

Millan suggests that Defendants-Appellees had to put forth specific evidence to dispute the discrete acts. But there is "no express or implied requirement in [the summary judgment standard] that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."[12] In the District Court, Defendants-Appellees correctly noted that Millan had not carried his burden in opposing summary

---

[9] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)).
[10] Appellant's Br. 6.
[11] App. 154.
[12] *Celotex*, 477 U.S. at 323.

judgment, which was to point to record evidence substantiating his allegations, like "dates as to when th[e] supposed events occurred," to create a genuine issue of fact.[13]

Millan also suggests that the District Court "missed" the discrete acts allegations.[14] Not so. In its summary judgment opinion, the District Court carefully reviewed the portions of the complaint and record evidence that Millan cited in his opposition to summary judgment, concluding that each allegation was "neither detailed nor supported by any record evidence."[15] And in its opinion denying reconsideration, the District Court again noted that a nonmoving party cannot rely on allegations alone to defeat summary judgment. Millan's failure to do otherwise indicates that the District Court did not err in its application of the summary judgment standard, and thus it did not abuse its discretion in denying reconsideration.[16]

For the foregoing reasons, we will affirm the District Court's summary judgment and order denying reconsideration.

---

[13] App. 219; *see also* App. 247.
[14] Appellant's Br. 8.
[15] App. 230.
[16] *See Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677.